LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

VICENTE MARTINS,
*on behalf of himself and*
*FLSA Collective Plaintiffs*,

        Plaintiff,

        v.

AAM HOLDING CORP.
d/b/a PRIVATE EYES GENTLEMEN'S CLUB,
 JAY-JAY CABARET, INC.
d/b/a FLASHDANCERS GENTLEMEN'S CLUB
59 MURRAY ENTERPRISES, INC.
d/b/a NEW YORK DOLLS GENTLEMEN'S CLUB,
and BARRY LIPSITZ,

        Defendants.
_____

Case No.:

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

        Plaintiff, VICENTE MARTINS, (hereinafter, "Plaintiff"), on behalf of himself and FLSA

Collective Plaintiffs, by and through his undersigned attorney, hereby files this First Amended

Complaint against Defendants, AAM HOLDING CORP. d/b/a PRIVATE EYES

GENTLEMEN'S CLUB, JAY-JAY CABARET, INC. d/b/a FLASHDANCERS

GENTLEMEN'S CLUB, 59 MURRAY ENTERPRISES, INC. d/b/a NEW YORK DOLLS

GENTLEMEN'S CLUB, (the "Corporate Defendants"), and BARRY LIPSITZ and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he and the FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he and the FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and the FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff VICENTE MARTINS is a resident of New York County, New York.

6.      Upon information and belief, Corporate Defendant, AAM HOLDING CORP. d/b/a PRIVATE EYES GENTLEMEN'S CLUB, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 320 W. 45th STREET, NEW YORK, NY 10036. AAM HOLDING CORP.

owns and operates a gentlemen's club under the trade name "Private Eyes," located at 320 W. 45TH STREET, NEW YORK NY 10036.

7.      Upon information and belief, Corporate Defendant, JAY-JAY CABARET, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB, is a domestic business corporation organized under the laws of New York, with an address for service of process located at 235 E. 22ND STREET, APT. 50-P, NEW YORK, NY 10010. JAY-JAY CABARET, INC. owns and operates a gentlemen's club under the trade name "Flashdancers" located at 1674 BROADWAY, NEW YORK, NY 10019.

8.      Upon information and belief, Corporate Defendant, 59 MURRAY ENTERPRISES, INC. d/b/a NEW YORK DOLLS GENTLEMEN's CLUB is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 59 MURRAY STREET, NEW YORK, NY 10007. 59 MURRAY ENTERPRISES, INC. owns and operates a gentlemen's club under the trade name "New York Dolls" located at 59 MURRAY STREET, NEW YORK, NY 10007.

5.      Upon information and belief, Defendant BARRY LIPSITZ is an officer, owner and operator of each of the Corporate Defendants. He exercised control over the terms and conditions of Plaintiff's employment and those of the FLSA Collective Plaintiffs. With respect to Plaintiff and the other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Defendant LIPSITZ also had the power and authority to supervise and control supervisors of Plaintiff and the FLSA Collective Plaintiffs. Further, Defendant LIPSITZ exercises functional control over the business and financial operations of each of the Corporate Defendants. Defendant LIPSITZ ensures that employees effectively serve and cater to customers

so that each of the three above-mentioned gentlemens' clubs may operate efficiently and profitably.

9.      The Corporate Defendants and Defendant LIPSITZ jointly own and operate "Private Eyes", "Flashdancers" and "New York Dolls" (together, the "Clubs") as a single integrated enterprise as the businesses are engaged in related activities, share common ownership, and have a common business purpose.

    a.      The Clubs are commonly owned and operated by the Individual Defendants and by the Corporate Defendants.

    b.      The Clubs share the common purpose of operating as gentlemen's clubs in New York City.

    c.      The Clubs' respective websites, www.privateeyesnyc.com, www.flashdancersnyc.com, and www.nydollsclub.com, have precisely the same layout and design.

    d.      The Clubs are advertised jointly as a common enterprise as each respective Clubs' website has a "Locations" page which provides the names, addresses, and phone numbers of all three of the Clubs as well as a link to each Club's individual website.

10.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff and the FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

16.     On or about June 1, 2007, Plaintiff MARTINS was hired by Defendants to work as a flyer distributor for Defendants' gentlemen's club, "Private Eyes", located at 320 W. 45TH STREET, NEW YORK, NY 10007.

17.     During his employment by Defendants, Plaintiff also distributed flyers on an as-needed basis for Defendants' gentlemen's clubs "Flashdancers", located at 1674 BROADWAY,

NEW YORK, NY 10019 and "New York Dolls", located at 59 MURRAY STREET, NEW

YORK, NY 10007. Defendants did not provide Plaintiff with notice far in advance of each shift

of which location he would be required to work at during that shift. Rather, just prior to each

shift that he worked, Plaintiff was informed by a manager, a supervisor, or another employee

representing Defendants of which club he was required to distribute flyers outside during that

particular shift. Plaintiff was frequently required by Defendants to work at each of the three

Clubs.

18.    Plaintiff worked for Defendants until on or about September 1, 2015.

19.    During the employment of Plaintiff by Defendants, he worked over forty (40)

hours per week. During Plaintiff's employment by Defendants, he worked over ten (10) hours

per day.

20.    Specifically, Plaintiff worked either five (5) or six (6) days a week between 12

PM and 8 PM. At least three (3) days a week, Plaintiff worked a second shift between 8 PM and

3 AM, immediately following his first shift.

21.    From the start of his employment by Defendants to January 2015, Plaintiff

received his compensation on a salary basis, at a rate of $50 per day. Plaintiff would receive two

days salary for days on which he worked two consecutive shifts. Plaintiff always received his

salary in cash. In January 2015, Plaintiff's salary was raised to $65 per shift. There was never

any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

22.    Defendants knowingly and willfully operated their business with a policy of not

paying Plaintiff and the FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-

half) or the New York State overtime rate (of time and one-half) and compensation for off-the-

clock work.

23.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and the FLSA Collective Plaintiffs.

24.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

25.     Defendants willfully violated Plaintiff's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff was a non-exempt employee who must be paid on an hourly basis.

26.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during their period of employment with Defendants.

27.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

28.     Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29.     Plaintiff MARTINS realleges and reavers Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32.     Upon information and belief, at all relevant times, each of Defendants, AAM HOLDING CORP., JAY-JAY CABARET, INC., and 59 MURRAY ENTERPRISES, INC., had gross revenues in excess of $500,000.

33.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

34.     Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

35.     Plaintiff and the FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

36.     Records, if any, concerning the number of hours worked by Plaintiff and the FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and the FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and the FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be

taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

38.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

41.     Plaintiff are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

42.     Plaintiff MARTINS realleges and reavers Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

9

45.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

46.     Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

47.     Defendants willfully violated Plaintiff's rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

48.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

49.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

50.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and the FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.      An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h.      An award of statutory penalties, and prejudgment and postjudgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.


Dated: May 13, 2016


Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*


By: ___*/s/ C.K. Lee*_____
        C.K. Lee, Esq. (CL 4086)