Jeffrey A. Kimmel
Paul J. Rutigliano
MEISTER SEELIG & FEIN LLP
125 Park Ave., 7th Floor
New York, NY 10017
(212) 655-3500

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VINCENTE MARTINS, *on behalf of himself and* :
*others similarly situated*, :
: 
                             Plaintiff, :   Case No.: 16-cv-01078-PKC
                          -v- :
:
AAM HOLDING CORP. d/b/a PRIVATE EYES :   **ANSWER AND AFFIRMATIVE**
GENTLEMEN'S CLUB, JAY-JAY CABARET, INC. :   **DEFENSES TO FIRST AMENDED**
d/b/a FLASHDANCERS GENTLEMEN'S CLUB, 59 :   **COMPLAINT**
MURRAY ENTERPRISES, INC. d/b/a NEW YORK :
DOLLS GENTLEMEN'S CLUB and BARRY :
LIPSITZ, :
:
                         Defendants. :
-------------------------------------------------------------------x

Defendants, AAM HOLDING CORP. d/b/a PRIVATE EYES GENTLEMEN'S CLUB, JAY-JAY CABARET, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB, 59 MURRAY ENTERPRISES, INC. d/b/a NEW YORK DOLLS (the "Clubs") and Barry Lipsitz ("Lipsitz") (collectively "Defendants"), for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint dated May 13, 2016 (the "Amended Complaint"), state and allege as follows:

### RESPONSE TO INTRODUCTION

1.    Paragraph 1 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 1 calls for a legal conclusion. To the extent a

response is deemed to be required, Defendants deny the allegations contained in paragraph 1 of the Amended Complaint.

2. Paragraph 2 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 2 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 2 of the Amended Complaint.

## RESPONSE TO JURISDICTION AND VENUE

3. Paragraph 3 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 3 calls for a legal conclusion.

4. Paragraph 4 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 4 calls for a legal conclusion.

## RESPONSE TO PARTIES

5. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 5 of the Amended Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the Amended Complaint, except admit that AAM Holding Corp. is an active New York Corporation doing business as "Private Eyes Gentlemen's Club," with its principal place of business at 320 West 45th Street, New York, New York 10036.

7. Defendants deny the allegations set forth in paragraph 7 of the Amended Complaint, except admit that Jay-Jay Cabaret, Inc. is an active New York Corporation doing business as "Flashdancers Gentlemen's Club," with its principal place of business at 1674 Broadway, New York, New York 10019.

8. Defendants deny the allegations set forth in paragraph 8 of the Amended Complaint, except admit that 59 Murray Enterprises, Inc. is an active New York Corporation doing business as "New York Dolls Gentlemen's Club," with its principal place of business at 59 Murray Street, New York, New York 10007.

5. Defendants deny the allegations set forth in paragraph 5 of the Amended Complaint.[1]

9. Defendants deny the allegations set forth in paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 10 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 11 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 13 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.

---

[1] The Amended Complaint improperly identifies this paragraph as paragraph number 5.

14. Defendants deny the allegations set forth in paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 15 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.

### RESPONSE TO STATEMENT OF FACTS

16. Defendants deny the allegations set forth in paragraph 16 of the Amended Complaint except admit that, at times during the relevant period, plaintiffs Martins was employed by defendant AAM Holding Corp. d/b/a Private Eyes Gentlemen's Club as a flyer distributor.

17. Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Amended Complaint.

28. Paragraph 28 of the Amended Complaint is not a factual allegation to which a response is required.

## RESPONSE TO STATEMENT OF CLAIM

### COUNT I

### RESPONSE TO VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Defendants repeat and reallege the answers set forth in paragraphs 1-28 as if fully set forth herein.

30. Paragraph 30 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 30 calls for a legal conclusion.

31. Paragraph 31 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 31 calls for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendants admit the allegations set forth in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Amended Complaint.

36. Paragraph 36 of the Amended Complaint is not a factual allegation to which a response is required.

37. Defendants deny the allegations set forth in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Amended Complaint.

## COUNT II

### RESPONSE TO VIOLATION OF THE NEW YORK LABOR LAW

42. Defendants repeat and reallege the answers set forth in paragraphs 1-41 as if fully set forth herein.

43. Paragraph 43 of the Amended Complaint is not a factual allegation to which a response is required because paragraph 43 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

51. Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have.

### FIRST AFFIRMATIVE DEFENSE

52. The Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

53. Plaintiff's, and the purported collective's, claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

54. Plaintiff's, and the purported collective's, claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

55. Lipsitz is not the "employer" of Plaintiff or the purported collective pursuant to the FLSA or New York Labor Law.

### FIFTH AFFIRMATIVE DEFENSE

56. Plaintiff's, and the purported collective's, claims are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C §§ 255-256 and/or New York Labor Law.

### SIXTH AFFIRMATIVE DEFENSE

57. Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or New York Labor Law.

### SEVENTH AFFIRMATIVE DEFENSE

58. Plaintiff and the purported collective cannot establish that any alleged acts or omissions were willful under the FLSA and/or NYLL.

### EIGHTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred to the extent that Plaintiff seeks to assert claims on behalf of others who are not similarly situated for purposes of the FLSA with respect to matters alleged in the Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

60. Plaintiff lacks standing to bring the proposed collective action under the FLSA.

### TENTH AFFIRMATIVE DEFENSE

61. This court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

62. The court should not exercise supplemental jurisdiction over the counts in the Amended Complaint that purport to arise under New York State Law.

### TWELFTH AFFIRMATIVE DEFENSE

63. Defendants are entitled to any and all offsets and/or set offs permissible by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred due to the *de minimis* rule.

## FOURTEENTH AFFIRMATIVE DEFENSE

65. Because Plaintiff's Amended Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Defendants demand judgment against Plaintiff as follows:

1. Denying the allegations of collective status in Plaintiff's Amended Complaint, dismissing Plaintiff's Amended Complaint and all claims and causes at action therein with prejudice; and

2. Granting any further relief the Court deems just and proper.

Dated: New York, New York
       July 22, 2016

**MEISTER SEELIG & FEIN LLP**

　　　　/s/Jeffrey A. Kimmel
     Jeffrey A. Kimmel
     Paul J. Rutigliano
125 Park Ave., 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535

*Attorneys for Defendants*,
AAM Holding Corp. d/b/a Private Eyes Gentlemen's Club, Jay-Jay Cabaret, Inc. d/b/a Flashdancers Gentlemen's Club, 59 Murray Enterprises, Inc. d/b/a New York Dolls and Barry Lipsitz

TO:

LEE LITIGATION GROUP, PLLC
C.K. Lee
Anne Seelig
30 East 39th Street, Second Floor
New York, New York 10016
Tel.: (212) 465-1188

*Attorneys for Plaintiff*